# Exhibit "1"



2017CI0B222 -B00001

## CAUSE NO. 2017-CI-09222

| | | |
|---|---|---|
| ELENA SUAREZ, *Plaintiff,* | § § § | IN THE DISTRICT COURT |
| vs. | § § | 438ᵗʰ JUDICIAL DISTRICT |
| DARYL THOMASON TRUCKING, INC., AND MARTIE D. RHAMY, *Defendants.* | § § § § | BEXAR COUNTY, TEXAS |

### BOND

**THE STATE OF TEXAS** §
§
**COUNTY OF BEXAR** §

WHEREAS, in above-styled cause, the Honorable Judge Presiding, did on the 19 day of May, 2017, sign an Order granting Plaintiff's Temporary Restraining Order against Respondents herein and ordering Applicant to make, execute and file a Temporary Restraining Order Bond before issuance of the Temporary Restraining Order, therefore:

KNOW ALL MEN BY THESE PRESENTS, that I, ELENA SUAREZ, as principal, and Thomas J. Henry and Travis E. Venable as sureties, conditioned that Applicants will abide by the decision that may be made in the aforesaid cause, and that they will pay all sums of money and costs that may be adjudged against them if the Temporary Restraining Order issued on May 19, 2017, in the aforesaid cause shall be dissolved in whole or in part.

THAT I, ELENA SUAREZ, as principal and Thomas J. Henry and Travis E. Venable as sureties, are held and firmly bound in the sum of $500.00 for the payment of which sum, or sums, well are truly to be made, we do bind ourselves, our heirs, executors and administrators, jointly and severally by these presents.

APPROVED ON THIS 19th DAY OF May, 20 17

DEPUTY: _____

DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY, TEXAS

**DOCUMENT SCANNED AS FILED**                    1

WITNESS OUR HANDS this the ___19th___ day of May, 2017.

Principal: _____
               Elena Suarez
Address:     405 Mitchell Ave.
               Schertz, Texas 78154

Surety: _____
               Thomas J. Henry
Address:     521 Starr Street
               Corpus Christi, Texas 78401
               State Bar No.: 09484210
Telephone:  361-985-0600

Surety: _____
               Travis E. Venable
Address:     521 Starr Street
               Corpus Christi, Texas 78401
               State Bar No.: 24068577
Telephone:  361-985-0600
Email:        tvenable-svc@tjhlaw.com

     SUBSCRIBED AND SWORN TO BEFORE ME on this the ___19th___ day of May, 2017.

_____
Notary Public, State of Texas

KIARA ELYSE McCLAIN
My Commission Expires
September 24, 2018

2

## OATH OF SURETIES

**THE STATE OF TEXAS** §
§
**COUNTY OF BEXAR** §

I, Travis E. Venable, do swear that I am worth in my own right, at least the sum of _Five Hundred Dollars_ ($ _500.00_) after deducting from my property all that which is exempt by the Constitution and laws of the State from forced sale, and after the payment of all my debts, of every description, whether individual or security debts and after satisfying all encumbrances upon my property which are known to me, and that I reside in the County of Bexar and have property in the State liable to execution worth:

The said sum of _Five Hundred dollars_ ($ _500.00_).

_____

TRAVIS E. VENABLE

**SUBSCRIBED AND SWORN TO BEFORE ME** on this the _4th_ day of May, 2017.

_____

Notary Public, State of Texas

KIARA ELYSE McCLAIN
My Commission Expires
September 24, 2018

3

DOCUMENT SCANNED AS FILED



## CAUSE NO. 2017-CI-09222

| | | |
|---|---|---|
| ELENA SUAREZ,<br>*Plaintiff,* | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| vs. | § | 438th JUDICIAL DISTRICT |
| | § | |
| DARYL THOMASON TRUCKING, INC., | § | |
| AND MARTIE D. RHAMY, | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

On this day, Plaintiff, **ELENA SUAREZ**, has filed a motion for temporary injunction and in connection therewith, has presented a motion for a temporary restraining order together with Plaintiff's Original Petition and Application for injunction and affidavit supporting the motion presented. Plaintiff is entitled to a temporary restraining order and temporary injunction that unless Defendants, their agents, servants, and employees and anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy the tractor-trailer involved in the October 26, 2016, collision made the basis of Plaintiff's Motion and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on October 26, 2016, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant **MARTIE D. RHAMY** ("Rhamy" is the driver of the 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate **#2TL505**, and VIN **#3AKJGLDV7ESFU1897**, and the 2006 Reitnouer trailer, Oklahoma license plate **#1170LF**, and VIN **#1RNF53A276R014394** involved in the incident made the basis of this lawsuit), they will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained,



Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

Plaintiff further requests a temporary restraining order and temporary injunction that unless Defendant **DARYL THOMASON TRUCKING, INC.,** its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant **MARTIE D. RHAMY** at the time of the collision on October 26, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, any GPS tracking device on the 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate **#2TL505,** and VIN **#3AKJGLDV7ESFU1897,** and the 2006 Reitnouer trailer, Oklahoma license plate **#1170LF,** and VIN **#1RNF53A276R014394** or any downloaded information relating to any GPS tracking device or system on the tractor-trailer, all maintenance records, repair reports and any other document related to repairs or maintenance of the tractor-trailer involved in the incident on October 26, 2016, and any other documents, reports, or memoranda related to this incident, it will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury.

**IT IS THEREFORE, ORDERED** that Defendant, **DARYL THOMASON TRUCKING, INC.,** and Defendant **MARTIE D. RHAMY,** their agents, servants, employees,

DOCUMENT SCANNED AS FILED

and anyone acting in concert therewith, or anyone having knowledge of this order are hereby

commanded forthwith to desist and refrain from the following:

Taking any action that might alter, damage or destroy the tractor-trailer involved in the
October 26, 2016, collision and its component parts to include electronic control module
and any data already downloaded from the electronic control module involved in the
incident on October 26, 2016, and any other evidence to include, but not limited to,
blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant **MARTIE D.
RHAMY**; and

Taking any action that might alter, damage or destroy any and all cellular phone or other
hand-held device in the possession of Defendant **MARTIE D. RHAMY** at the time of
the collision on October 26, 2016, including any GPS tracking device on that cellular
phone or other hand-held device or any downloaded information relating to any GPS
tracking device or system on that cellular phone or other hand-held device, any GPS
tracking device on the tractor-trailer or any downloaded information relating to any GPS
tracking device or system on the tractor-trailer; and

Taking any action that might alter, damage or destroy any and all operational or trip
related documents created or received by Defendant, **DARYL THOMASON
TRUCKING, INC.,** and Defendant **MARTIE D. RHAMY**, to include any trip tickets,
**MARTIE D. RHAMY'S** daily logs, record of **MARTIE D. RHAMY'S** duty status,
**MARTIE D. RHAMY'S** daily condition report, **MARTIE D. RHAMY'S** payment of
services, **MARTIE D. RHAMY'S** Qualification File and **MARTIE D. RHAMY'S**
Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for
Defendant **DARYL THOMASON TRUCKING, INC.;** and

Taking any action that might alter, damage or destroy any maintenance records, repair
reports and any other document related to repairs or maintenance of the tractor-trailer
involved in the October 26, 2016, collision, and any other documents, reports, or
memoranda related to this incident or involved in the incident on October 26, 2016, and
any other documents, reports, or memoranda related to this incident.

**IT IS FURTHER ORDERED** that Defendants be cited to appear and show cause and

that upon such hearing a temporary injunction be issued enjoining such Defendants, its agents,

servants, and employees or anyone acting in concert therewith, from:

Taking any action that might alter, damage or destroy the 2014 Freightliner Cascadia 125
tractor-trailer, Oklahoma license plate **#2TL505**, and VIN **#3AKJGLDV7ESFU1897**,
and the 2006 Reitnouer trailer, Oklahoma license plate **#1170LF**, and VIN
**#1RNF53A276R014394** involved in the October 26, 2016, collision and its component
parts to include electronic control module and any data already downloaded from the
electronic control module involved in the incident on October 26, 2016, and any other

05/19/2017 VOL 4743 PG 2147

3

DOCUMENT SCANNED AS FILED

evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant **MARTIE D. RHAMY**; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant **MARTIE D. RHAMY** at the time of the collision on October 26, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the tractor-trailer or any downloaded information relating to any GPS tracking device or system on the tractor-trailer; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate **#2TL505**, and VIN **#3AKJGLDV7ESFU1897**, and the 2006 Reitnouer trailer, Oklahoma license plate **#1170LF**, and VIN **#1RNF53A276R014394** involved in the October 26, 2016, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on October 26, 2016, and any other documents, reports, or memoranda related to this incident.

The clerk shall forthwith on the filing by Plaintiff of the bond hereinafter required and in approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order. This order shall not be effective unless and until Plaintiff executes and files with the clerk a bond in conformity with the law, in the amount of $ 500.00

**IT IS FURTHER ORDERD**, that Plaintiff's Application for Temporary Injunction be heard at 9:00 o'clock A .m., on the 30th day of May , 2017, in the Presiding District Court, Bexar County, San Antonio, Texas, Room 109 .

**IT IS FURTHER ORDERED** that notice be issued to the Defendants commanding them to appear and show cause why the temporary injunctions prayed for in Plaintiff's Original Petition and Application for Temporary Injunction should not be granted.

This Order expires on May 30, 2017

4

DOCUMENT SCANNED AS FILED

**SIGNED AND ENTERED** this the ___19___ day of ___May___ , 2017 at ___2:33___ O'Clock, ___P___.m.

_____
JUDGE PRESIDING

DOCUMENT SCANNED AS FILED



2017CI09222 -D438

CAUSE NO. 2017-CI-09222

| | | |
|---|---|---|
| ELENA SUAREZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | 438th JUDICIAL DISTRICT |
| | § | |
| DARYL THOMASON TRUCKING, INC., | § | |
| AND MARTIE D. RHAMY, | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## ORDER EXTENDING APPLICANT'S TEMPORARY RESTRAINING ORDER

On this the 30th day of May, 2017, *Plaintiff's Motion to Extend Temporary Restraining Order* was considered by the Court. After considering the evidence and hearing the arguments of counsel, the Court ordered that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that the *Plaintiff's Motion to Extend Temporary Restraining Order* is GRANTED.

IT IS FURTHER ORDERED that the hearing for Plaintiff's application for Temporary Injunction shall occur on the 12 day of June 2017.

SIGNED AND ENTERED on this the 30th day of May 2017.

_____
Presiding Judge

05/08/2017 VOL 4755 PG 0265



FILED
5/18/2017 6:26:42 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

2CIT/PPS 2NOTCE/PPS SAC1

**2017CI09222**

CAUSE NO. _____

| | | |
|---|---|---|
| ELENA SUAREZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | **438TH** |
| vs. | § | |
| | § | ____ JUDICIAL DISTRICT |
| | § | |
| DARYL THOMASON TRUCKING, INC., | § | |
| AND MARTIE D. RHAMY, | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION, AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Elena Suarez, Plaintiff herein, and complains of Daryl Thomason Trucking, and Martie D. Rhamy, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### DISCOVERY LEVEL

1.    Discovery shall be conducted in this case according to Level III discovery control plan.

### PARTIES/SERVICE

2.    Plaintiff, Elena Suarez, resides in Guadalupe County, Texas.

3.    Defendant, Daryl Thomason Trucking, Inc., is an Oklahoma corporation, whose principal place of business is located in Broken Bow, McCurtain County, Oklahoma, and may be served with process by serving its Registered Agent for service: Daryl Thomason, located at 465 West Highway 3, Broken Bow, Oklahoma 74728.

4.    Defendant, Martie D. Rhamy, is resident of Coyle, Payne County, Oklahoma, who may be served at his residence located at 11623 100th Street, Coyle, Oklahoma 73027.

### JURISDICTION AND VENUE

5.    Venue in Bexar County is proper in this cause under Section 15.002(a)(1) of the

Texas Civil Practice and Remedies Code because it is the county where a substantial part of the events giving rise to claim occurred.

6.      Pursuant to Tex. R. Civ. P. 47, this is a cause of action that exceeds $1,000,000.00 in damages and is within the Court's jurisdictional limits.

## FACTS

7.      On or about October 26, 2016, Plaintiff, Elena Suarez, driver of a 2002 Ford F-150 pickup, was traveling southbound on the 14000 block of IH 35 South, in Live Oak, Bexar County, Texas.  Defendant, Martie D. Rhamy, was operating a 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate #2TL505, and VIN #3AKJGLDV7ESFU1897, which was pulling a 2006 Reitnouer trailer, Oklahoma license plate #1170LF, and VIN #1RNF53A276R014394, in the course and scope of his employment with Defendant, Daryl Thomason Trucking, Inc., and was also traveling southbound on the 14000 block of IH 35. Defendant, Martie D. Rhamy, suddenly, violently, and without warning struck the Plaintiff's vehicle in the rear, causing Plaintiff to strike the rear of the vehicle ahead of her.  As a result of this collision, Plaintiff sustained severe injuries and damages to her body, as more fully set forth below.

8.      The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

## NEGLIGENCE
## DEFENDANTS, DARYL THOMASON TRUCKING, INC, AND MARTIE D. RHAMY

9.      The occurrence made the basis of this suit, and the resulting injuries and damages to Plaintiff, were proximately caused by the negligent conduct of Defendants.  Defendant Martie D. Rhamy operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

a.   in failing to keep a proper lookout or such lookout which a person of ordinary prudence would have maintained under same or similar circumstances;

b.   in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c.   in failing to maintain an assured clear distance so that he could safely stop without colliding with the preceding vehicle;

d.   in failing to maintain control of his vehicle; and

e.   in operating his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances.

10.   Negligence per se tort claims are established when a plaintiff shows that a defendant violates a statute or ordinance setting an applicable standard of care if the statute is designed to prevent an injury to that class of persons to which the injured party belongs. In that regard, Defendant Martie D. Rhamy's conduct constitutes negligence per se because he failed to exercise the mandatory standard of care set forth in the Texas Transportation Code, specifically:

a.   in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances; TEXAS TRANSPORTATION CODE 545.401

b.   in failing to timely apply the brakes of the vehicle in order to avoid the collision in question; TEXAS TRANSPORTATION CODE 545.062; and

c.   in operating his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances; TEXAS TRANSPORTATION CODE 545.351.

11.   Defendant, Daryl Thomason Trucking, Inc., was negligent under the theory of *respondeat superior* in that Defendant Martie D. Rhamy was acting within the course and scope of his employment with Daryl Thomason Trucking, Inc., at the time the incident occurred.

12.   In addition, Daryl Thomason Trucking, Inc., was negligent in one or more of the following aspects:

a.   negligent hiring;

b.   negligent entrustment;

c.      negligent driver qualifications;

d.      negligent training and supervision;

e.      negligent retention;

f.      negligent management; and

g.      negligent maintenance.

13.     The above-referenced acts and omissions by Defendants were more than momentary thoughtlessness or inadvertence.  Rather, Defendants' conduct, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.   Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others similarly situated.  Accordingly, Defendants' conduct constitutes gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code.  Therefore, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## EXEMPLARY DAMAGES

14.     The above-referenced acts and/or omissions by Defendants constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.  The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

15.     Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk,

considering the probability of harm to Plaintiff and others.

16.     Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

17.     Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## DAMAGES

18.     As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff, Elena Suarez, suffered severe bodily injuries to her head, neck, back, and other parts of her body generally. Her entire body was bruised, battered and contused and she suffered great shock to her entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

19.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Elena Suarez, was caused to incur the following damages:

      a.     Reasonable medical care and expenses in the past. Plaintiff, Elena Suarez, incurred these expenses for the necessary care and treatment of the injuries

resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;

b.   Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

c.   Physical pain and suffering in the past;

d.   Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

e.   Physical impairment in the past;

f.   Physical impairment, which will, in all reasonable probability be suffered in the future;

g.   Loss of wages in the past;

h.   Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

i.   Mental anguish in the past;

j.   Mental anguish which will, in all reasonable probability be suffered in the future;

k.   Fear of future disease or condition;

l.   Disfigurement; and

m.   Cost of medical monitoring and prevention in the future.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

20.   Plaintiff further request both pre-judgment and post-judgment interest on all damages as allowed by law.

## REQUEST FOR DISCLOSURE

21.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose within fifty (50) days after service of this Petition the information or material described in Rule 194.2 (a) through (l).

## **JURY DEMAND**

23.    In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket.   Plaintiff acknowledges payment this date of the required jury fee.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

### I.

1.      Comes now, Plaintiff, Elena Suarez, before this Honorable Court and files a motion for temporary injunction and in connection therewith, presents a motion for a temporary restraining order together with her original petition for injunction and affidavit supporting the motion presented.

### II

2.      Plaintiff requests a temporary restraining order and temporary injunction that unless Defendants, Daryl Thomason Trucking, Inc., and Martie D. Rhamy, their agents, their servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy the 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate #2TL505, and VIN #3AKJGLDV7ESFU1897, and the 2006 Reitnouer trailer, Oklahoma license plate #1170LF, and VIN #1RNF53A276R014394, involved in the October 26, 2016, collision, and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on October 26, 2016, and any other evidence, to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant Martie D. Rhamy, they will not commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

3.     Plaintiff further requests a temporary restraining order and temporary injunction that unless Defendant, Daryl Thomason Trucking, Inc., its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant, Martie D. Rhamy, at the time of the collision on October 26, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, GPS tracking device on the tractor-trailer or any downloaded information relating to any GPS tracking device or system on the tractor-trailer, any and all operational or trip related documents created or received by Defendant, Daryl Thomason Trucking, Inc., and Defendant Martie D. Rhamy, to include any trip tickets, Martie D. Rhamy's daily logs, record of Martie D. Rhamy's duty status, Martie D. Rhamy's daily condition report, payment of services, Martie D. Rhamy's Qualification File and Personnel File as required by any applicable regulations for Defendant, Daryl Thomason Trucking, Inc., all maintenance records, repair reports and any other document related to repairs or maintenance of the tractor-trailer involved in the incident on October 26, 2016, and any other documents, reports, or memoranda related to this incident, it will not commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury.

### III.

4.     WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court order that Defendant, Daryl Thomason Trucking, Inc., and Defendant Martie D. Rhamy, their agents, servants, employees or <u>anyone</u> having knowledge of this order are hereby commanded forthwith to desist and refrain from the following:

5.      Taking any action that might alter, damage or destroy the tractor-trailer involved in the October 26, 2016, collision and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on October 26, 2016, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant Martie D. Rhamy; and

5.      Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant Martie D. Rhamy at the time of the collision on October 26, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the tractor-trailer or any downloaded information relating to any GPS tracking device or system on the tractor-trailer; and

6.      Taking any action that might alter, damage or destroy any and all operational or trip related documents created or received by Defendant, Daryl Thomason Trucking, Inc., and Defendant Martie D. Rhamy, to include any trip tickets, Martie D. Rhamy's daily logs, record of Martie D. Rhamy's duty status, Martie D. Rhamy's daily condition report, payment of services, Martie D. Rhamy's Qualification File and Personnel File as required by any applicable regulations for Defendant, Daryl Thomason Trucking, Inc.; and

7.      Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of the tractor-trailer involved in the October 26, 2016, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on October 26, 2016, and any other documents, reports, or memoranda related to this incident.

**IV.**

8.      On information and belief, Defendants, are not represented by counsel.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Court enter its Temporary Restraining Order and, upon hearing, Temporary Injunction, that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.      Pain and suffering in the past;

2.      Pain and suffering in the future;

3.      Mental anguish in the past;

4.      Mental anguish in the future;

5.      Past medical expenses;

6.      Future medical expenses;

7.      Physical impairment in the past;

8.      Physical impairment in the future;

9.      Physical disfigurement in the past;

10.     Physical disfigurement in the future;

11.     Pre judgment interest;

12.     Post judgment interest;

13.     Exemplary damages;

14.     Loss of past wages;

15.     Loss of future wages;

16.     Loss of wage earning capacity;

17.     Property damage; and

18.     Loss of use.

Respectfully submitted,

THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601


By: _/s/ Travis E. Venable /s/_
    Thomas J. Henry
    State Bar No. 09484210
    Travis E. Venable
    State Bar No. 24068577
    **ATTORNEYS FOR PLAINTIFF**

## AFFIDAVIT

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF BEXAR** | § |

**BEFORE ME,** the undersigned authority, personally appeared, Travis E. Venable, who upon his oath stated,

"I am an attorney licensed to practice law in the State of Texas.  I have been employed to represent Plaintiff Elena Suarez for the injuries she sustained in the incident which occurred on October 26, 2016.  If the tractor and trailer involved in this incident which are in the possession of the Defendants and relevant evidence are in any way altered, crucial evidence may be forever lost to the Plaintiff.  The facts stated in the Application for Temporary Restraining Order and Temporary Injunction are true and correct.

"Further, Affiant sayeth not."

_____
Travis E. Venable

**SUBSCRIBED AND SWORN TO BEFORE ME,** by the said Travis E. Venable, on the 18th day of May, 2017, to certify which witness my hand and seal.

KIARA ELYSE McCLAIN
My Commission Expires
September 24, 2018

_____
Notary Public, State of Texas

PAGE 13

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED  ELENA SUAREZ V. DARYL THOMASON TRUCKING, INC., AND MARTIE D. RHAMY _____
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| Contact information | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Travis E. Venable | **Plaintiff(s)/Petitioner(s):** Elena Suarez | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| **Email:** tvenable-svc@ljhlaw.com | | |
| **Address:** 5711 University Heights, Suite 101 | | **Additional Parties in Child Support Case:** |
| **Telephone:** 210-656-1000 | **Defendant(s)/Respondent(s):** Daryl Thomason Trucking, Inc. and Martie D. Rhamy | **Custodial Parent:** |
| **City/State/Zip:** San Antonio, Tx 78249 | | **Non-Custodial Parent:** |
| **Fax:** 361-985-0601 | | |
| **Signature:** | *[Attach additional page as necessary to list all parties]* | **Presumed Father:** |
| **State Bar No:** 24068577 | | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- ☐ Consumer/DTPA
- ☐ Debt/Contract
- ☐ Fraud/Misrepresentation
- ☐ Other Debt/Contract:

*Foreclosure*
- ☐ Home Equity—Expedited
- ☐ Other Foreclosure
- ☐ Franchise
- ☐ Insurance
- ☐ Landlord/Tenant
- ☐ Non-Competition
- ☐ Partnership
- ☐ Other Contract:

**Injury or Damage**
- ☐ Assault/Battery
- ☐ Construction
- ☐ Defamation

*Malpractice*
- ☐ Accounting
- ☐ Legal
- ☐ Medical
- ☐ Other Professional Liability:

- ☒ Motor Vehicle Accident
- ☐ Premises

*Product Liability*
- ☐ Asbestos/Silica
- ☐ Other Product Liability List Product: _____

- ☐ Other Injury or Damage:

**Real Property**
- ☐ Eminent Domain/ Condemnation
- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass to Try Title
- ☐ Other Property:

**Related to Criminal Matters**
- ☐ Expunction
- ☐ Judgment Nisi
- ☐ Non-Disclosure
- ☐ Seizure/Forfeiture
- ☐ Writ of Habeas Corpus— Pre-indictment
- ☐ Other:

**Employment**
- ☐ Discrimination
- ☐ Retaliation
- ☐ Termination
- ☐ Workers' Compensation
- ☐ Other Employment:

**Other Civil**
- ☐ Administrative Appeal
- ☐ Antitrust/Unfair Competition
- ☐ Code Violations
- ☐ Foreign Judgment
- ☐ Intellectual Property
- ☐ Lawyer Discipline
- ☐ Perpetuate Testimony
- ☐ Securities/Stock
- ☐ Tortious Interference
- ☐ Other:

**Tax**
- ☐ Tax Appraisal
- ☐ Tax Delinquency
- ☐ Other Tax

### Family Law

**Marriage Relationship**
- ☐ Annulment
- ☐ Declare Marriage Void

*Divorce*
- ☐ With Children
- ☐ No Children

**Post-Judgment Actions (non-Title IV-D)**
- ☐ Enforcement
- ☐ Modification—Custody
- ☐ Modification—Other

**Title IV-D**
- ☐ Enforcement/Modification
- ☐ Paternity
- ☐ Reciprocals (UIFSA)
- ☐ Support Order

**Other Family Law**
- ☐ Enforce Foreign Judgment
- ☐ Habeas Corpus
- ☐ Name Change
- ☐ Protective Order
- ☐ Removal of Disabilities of Minority
- ☐ Other:

**Parent-Child Relationship**
- ☐ Adoption/Adoption with Termination
- ☐ Child Protection
- ☐ Child Support
- ☐ Custody or Visitation
- ☐ Gestational Parenting
- ☐ Grandparent Access
- ☐ Parentage/Paternity
- ☐ Termination of Parental Rights
- ☐ Other Parent-Child:

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- ☐ Dependent Administration
- ☐ Independent Administration
- ☐ Other Estate Proceedings

- ☐ Guardianship—Adult
- ☐ Guardianship—Minor
- ☐ Mental Health
- ☐ Other:

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

- ☐ Appeal from Municipal or Justice Court
- ☐ Arbitration-related
- ☐ Attachment
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Post-judgment
- ☐ Prejudgment Remedy
- ☐ Protective Order
- ☐ Receiver
- ☐ Sequestration
- ☐ Temporary Restraining Order/Injunction
- ☐ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100, but not more than $200,000
- ☐ Over $200,000 but not more than $1,000,000
- ☒ Over $1,000,000

FILED
5/29/2017 5:15:00 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Christopher Morrow

## CAUSE NO. 2017-CI-09222

| | | |
|---|---|---|
| **ELENA SUAREZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **438th JUDICIAL DISTRICT** |
| | § | |
| **DARYL THOMASON TRUCKING, INC.,** | § | |
| **AND MARTIE D. RHAMY,** | § | |
| *Defendants.* | § | **BEXAR COUNTY, TEXAS** |

## APPLICANT'S MOTION TO EXTEND TEMPORARY RESTRAINING ORDER

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Applicant, Elena Suarez, and brings this Motion to Extend Temporary Restraining Order, and in support thereof, Applicant would show the Court the following:

### INTRODUCTION

1. On May 18, 2017, Plaintiff filed his Original Petition and Application for Temporary Restraining Order and Injunction. **Exhibit A.**

2. On May 19, 2017, the Court issued a Temporary Restraining Order. **Exhibit B**. The Temporary Restraining Order currently expires May 30, 2017. *Id.*

3. The Temporary Restraining Order not yet been served on the Defendants in this matter.

### ARGUMENTS & AUTHORITIES

4. The applicant may ask the trial court to extend the temporary restraining order by filing a motion before the temporary restraining order expires, showing good cause. TEX. R. CIV. P. 680; *In re Texas Nat. Res. Convserv. Comm'n,* 85 S.W.3d 201, 203 (Tex. 2002). The court can grant one extension of the temporary restraining order for an additional 14 days. TEX. R. CIV. P. 680; *In re Texas Nat. Res.,* 85 S.W.3d. at 203.

5. There is good cause in this case to extend the temporary restraining order for 14 days because the

1

respondents have failed to appear or obey the Temporary Restraining Order. The Applicant wants to give the Respondents the opportunity to appear to be able to defend against the allegations presented in court. Therefore, Applicant requests a fourteen (14) day extension to allow the Respondents the opportunity to appear or for the parties to enter into an agreement as to the evidence at issue.

## PRAYER

**WHEREFORE PREMISES CONSIDERED,** Applicant respectfully requests that the Court extend the Temporary Restraining Order to expire on June 13, 2017.

Respectfully submitted,

**THOMAS J. HENRY INJURY ATTORNEYS**
521 Starr Street
Corpus Christi, Texas 78401
Telephone:        (361) 985-0600
Facsimile:        (361) 985-0601
Email: tvenable-svc@tjhlaw.com


*/s/Travis E. Venable/s/*
Thomas J. Henry
State Bar No. 09484210
Travis Venable
State Bar No. 24068577

**ATTORNEYS FOR PLAINTIFFS**

2

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and forgoing instrument was duly served upon Daryl Thomason Trucking, Inc., and Martie D. Rhamy in accordance with the Texas Rules of Civil Procedure on this the 29th day of May, 2017.

**Via CMRRR #7015 3010 0001 4336 2828**
Daryl Thomason Trucking, Inc.
Mr. Daryl Thomason, Registered Agent
465 West Highway 3
Broken Bow, Oklahoma 74728

**Via CMRRR #7015 3010 0001 4336 2835**
Martie D. Rhamy
11623 100th Street
Coyle, Oklahoma 73027

/s/ Travis E. Venable /s/
Travis Venable

3

FILED
5/18/2017 6:26:42 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

2CIT/PPS 2NOTCE/PPS SAC1

## 2017CI09222

CAUSE NO. _____

| | | |
|---|---|---|
| ELENA SUAREZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | **438TH** |
| vs. | § | ____ JUDICIAL DISTRICT |
| | § | |
| DARYL THOMASON TRUCKING, INC., | § | |
| AND MARTIE D. RHAMY, | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION, AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Elena Suarez, Plaintiff herein, and complains of Daryl Thomason Trucking, and Martie D. Rhamy, hereinafter referred to by name or as Defendants, and for cause of action would respectfully show unto the Court as follows:

### DISCOVERY LEVEL

1. Discovery shall be conducted in this case according to Level III discovery control plan.

### PARTIES/SERVICE

2. Plaintiff, Elena Suarez, resides in Guadalupe County, Texas.

3. Defendant, Daryl Thomason Trucking, Inc., is an Oklahoma corporation, whose principal place of business is located in Broken Bow, McCurtain County, Oklahoma, and may be served with process by serving its Registered Agent for service: Daryl Thomason, located at 465 West Highway 3, Broken Bow, Oklahoma 74728.

4. Defendant, Martie D. Rhamy, is resident of Coyle, Payne County, Oklahoma, who may be served at his residence located at 11623 100th Street, Coyle, Oklahoma 73027.

### JURISDICTION AND VENUE

5. Venue in Bexar County is proper in this cause under Section 15.002(a)(1) of the

**EXHIBIT A**

PAGE 1

Texas Civil Practice and Remedies Code because it is the county where a substantial part of the events giving rise to claim occurred.

6.    Pursuant to Tex. R. Civ. P. 47, this is a cause of action that exceeds $1,000,000.00 in damages and is within the Court's jurisdictional limits.

## FACTS

7.    On or about October 26, 2016, Plaintiff, Elena Suarez, driver of a 2002 Ford F-150 pickup, was traveling southbound on the 14000 block of IH 35 South, in Live Oak, Bexar County, Texas. Defendant, Martie D. Rhamy, was operating a 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate #2TL505, and VIN #3AKJGLDV7ESFU1897, which was pulling a 2006 Reitnouer trailer, Oklahoma license plate #1170LF, and VIN #1RNF53A276R014394, in the course and scope of his employment with Defendant, Daryl Thomason Trucking, Inc., and was also traveling southbound on the 14000 block of IH 35. Defendant, Martie D. Rhamy, suddenly, violently, and without warning struck the Plaintiff's vehicle in the rear, causing Plaintiff to strike the rear of the vehicle ahead of her. As a result of this collision, Plaintiff sustained severe injuries and damages to her body, as more fully set forth below.

8.    The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

## NEGLIGENCE
## DEFENDANTS, DARYL THOMASON TRUCKING, INC, AND MARTIE D. RHAMY

9.    The occurrence made the basis of this suit, and the resulting injuries and damages to Plaintiff, were proximately caused by the negligent conduct of Defendants. Defendant Martie D. Rhamy operated the vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiff to exercise ordinary care in the operation of his motor vehicle in one or more of the following respects:

**EXHIBIT A**

a.    in failing to keep a proper lookout or such lookout which a person of ordinary prudence would have maintained under same or similar circumstances;

b.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

c.    in failing to maintain an assured clear distance so that he could safely stop without colliding with the preceding vehicle;

d.    in failing to maintain control of his vehicle; and

e.    in operating his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances.

10.    Negligence per se tort claims are established when a plaintiff shows that a defendant violates a statute or ordinance setting an applicable standard of care if the statute is designed to prevent an injury to that class of persons to which the injured party belongs. In that regard, Defendant Martie D. Rhamy's conduct constitutes negligence per se because he failed to exercise the mandatory standard of care set forth in the Texas Transportation Code, specifically:

a.    in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances; TEXAS TRANSPORTATION CODE 545.401

b.    in failing to timely apply the brakes of the vehicle in order to avoid the collision in question; TEXAS TRANSPORTATION CODE 545.062; and

c.    in operating his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances; TEXAS TRANSPORTATION CODE 545.351.

11.    Defendant, Daryl Thomason Trucking, Inc., was negligent under the theory of *respondeat superior* in that Defendant Martie D. Rhamy was acting within the course and scope of his employment with Daryl Thomason Trucking, Inc., at the time the incident occurred.

12.    In addition, Daryl Thomason Trucking, Inc., was negligent in one or more of the following aspects:

a.    negligent hiring;

b.    negligent entrustment;

**EXHIBIT A**

c.  negligent driver qualifications;

d.  negligent training and supervision;

e.  negligent retention;

f.  negligent management; and

g.  negligent maintenance.

13. The above-referenced acts and omissions by Defendants were more than momentary thoughtlessness or inadvertence.  Rather, Defendants' conduct, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.  Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others similarly situated.  Accordingly, Defendants' conduct constitutes gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code.  Therefore, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## EXEMPLARY DAMAGES

14. The above-referenced acts and/or omissions by Defendants constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff.  The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

15. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk,

**EXHIBIT A**

considering the probability of harm to Plaintiff and others.

16.     Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

17.     Therefore, for such malice on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## DAMAGES

18.     As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff, Elena Suarez, suffered severe bodily injuries to her head, neck, back, and other parts of her body generally. Her entire body was bruised, battered and contused and she suffered great shock to her entire nervous system. The injuries are permanent in nature. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life. As a further result of the nature and consequences of her injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

19.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Elena Suarez, was caused to incur the following damages:

   a.     Reasonable medical care and expenses in the past. Plaintiff, Elena Suarez, incurred these expenses for the necessary care and treatment of the injuries

**EXHIBIT A**

resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;

b.    Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

c.    Physical pain and suffering in the past;

d.    Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

e.    Physical impairment in the past;

f.    Physical impairment, which will, in all reasonable probability be suffered in the future;

g.    Loss of wages in the past;

h.    Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

i.    Mental anguish in the past;

j.    Mental anguish which will, in all reasonable probability be suffered in the future;

k.    Fear of future disease or condition;

l.    Disfigurement; and

m.    Cost of medical monitoring and prevention in the future.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

20.    Plaintiff further request both pre-judgment and post-judgment interest on all damages as allowed by law.

## REQUEST FOR DISCLOSURE

21.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, each Defendant is requested to disclose within fifty (50) days after service of this Petition the information or material described in Rule 194.2 (a) through (l).

**EXHIBIT A**

## JURY DEMAND

23.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and request that this cause be set on the Court's Jury Docket.   Plaintiff acknowledges payment this date of the required jury fee.

**EXHIBIT A**

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

### I.

1.     Comes now, Plaintiff, Elena Suarez, before this Honorable Court and files a motion for temporary injunction and in connection therewith, presents a motion for a temporary restraining order together with her original petition for injunction and affidavit supporting the motion presented.

### II

2.     Plaintiff requests a temporary restraining order and temporary injunction that unless Defendants, Daryl Thomason Trucking, Inc., and Martie D. Rhamy, their agents, their servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy the 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate #2TL505, and VIN #3AKJGLDV7ESFU1897, and the 2006 Reitnouer trailer, Oklahoma license plate #1170LF, and VIN #1RNF53A276R014394, involved in the October 26, 2016, collision, and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on October 26, 2016, and any other evidence, to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant Martie D. Rhamy, they will not commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

**EXHIBIT A**

3.      Plaintiff further requests a temporary restraining order and temporary injunction that unless Defendant, Daryl Thomason Trucking, Inc., its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant, Martie D. Rhamy, at the time of the collision on October 26, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, GPS tracking device on the tractor-trailer or any downloaded information relating to any GPS tracking device or system on the tractor-trailer, any and all operational or trip related documents created or received by Defendant, Daryl Thomason Trucking, Inc., and Defendant Martie D. Rhamy, to include any trip tickets, Martie D. Rhamy's daily logs, record of Martie D. Rhamy's duty status, Martie D. Rhamy's daily condition report, payment of services, Martie D. Rhamy's Qualification File and Personnel File as required by any applicable regulations for Defendant, Daryl Thomason Trucking, Inc., all maintenance records, repair reports and any other document related to repairs or maintenance of the tractor-trailer involved in the incident on October 26, 2016, and any other documents, reports, or memoranda related to this incident, it will not commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury.

### III.

4.      WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court order that Defendant, Daryl Thomason Trucking, Inc., and Defendant Martie D. Rhamy, their agents, servants, employees or <u>anyone</u> having knowledge of this order are hereby commanded forthwith to desist and refrain from the following:

**EXHIBIT A**

5.      Taking any action that might alter, damage or destroy the tractor-trailer involved in the October 26, 2016, collision and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on October 26, 2016, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant Martie D. Rhamy; and

5.      Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant Martie D. Rhamy at the time of the collision on October 26, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the tractor-trailer or any downloaded information relating to any GPS tracking device or system on the tractor-trailer; and

6.      Taking any action that might alter, damage or destroy any and all operational or trip related documents created or received by Defendant, Daryl Thomason Trucking, Inc., and Defendant Martie D. Rhamy, to include any trip tickets, Martie D. Rhamy's daily logs, record of Martie D. Rhamy's duty status, Martie D. Rhamy's daily condition report, payment of services, Martie D. Rhamy's Qualification File and Personnel File as required by any applicable regulations for Defendant, Daryl Thomason Trucking, Inc.; and

7.      Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of the tractor-trailer involved in the October 26, 2016, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on October 26, 2016, and any other documents, reports, or memoranda related to this incident.

IV.

**EXHIBIT A**

8.      On information and belief, Defendants, are not represented by counsel.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Court enter its Temporary Restraining Order and, upon hearing, Temporary Injunction, that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre judgment and post judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.      Pain and suffering in the past;

2.      Pain and suffering in the future;

3.      Mental anguish in the past;

4.      Mental anguish in the future;

5.      Past medical expenses;

6.      Future medical expenses;

7.      Physical impairment in the past;

8.      Physical impairment in the future;

9.      Physical disfigurement in the past;

10.     Physical disfigurement in the future;

11.     Pre judgment interest;

12.     Post judgment interest;

13.     Exemplary damages;

14.     Loss of past wages;

15.     Loss of future wages;

16.     Loss of wage earning capacity;

17.     Property damage; and

18.     Loss of use.

**EXHIBIT A**

PAGE 11

Respectfully submitted,

THOMAS J. HENRY INJURY ATTORNEYS
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601


By: */s/ Travis E. Venable /s/*
Thomas J. Henry
State Bar No. 09484210
Travis E. Venable
State Bar No. 24068577
**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**

## AFFIDAVIT

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF BEXAR** | § |

**BEFORE ME**, the undersigned authority, personally appeared, Travis E. Venable, who

upon his oath stated,

"I am an attorney licensed to practice law in the State of Texas. I have been employed to represent Plaintiff Elena Suarez for the injuries she sustained in the incident which occurred on October 26, 2016. If the tractor and trailer involved in this incident which are in the possession of the Defendants and relevant evidence are in any way altered, crucial evidence may be forever lost to the Plaintiff. The facts stated in the Application for Temporary Restraining Order and Temporary Injunction are true and correct.

"Further, Affiant sayeth not."

_____
Travis E. Venable

**SUBSCRIBED AND SWORN TO BEFORE ME**, by the said Travis E. Venable, on the 18th day of May, 2017, to certify which witness my hand and seal.

KIARA ELYSE McCLAIN
My Commission Expires
September 24, 2018

_____
Notary Public, State of Texas

PAGE 13

**EXHIBIT A**

**CAUSE NO. 2017-CI-09222**

| | | |
|---|---|---|
| ELENA SUAREZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | 438th JUDICIAL DISTRICT |
| | § | |
| DARYL THOMASON TRUCKING, INC., | § | |
| AND MARTIE D. RHAMY, | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

On this day, Plaintiff, **ELENA SUAREZ**, has filed a motion for temporary injunction and in connection therewith, has presented a motion for a temporary restraining order together with Plaintiff's Original Petition and Application for injunction and affidavit supporting the motion presented. Plaintiff is entitled to a temporary restraining order and temporary injunction that unless Defendants, their agents, servants, and employees and anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy the tractor-trailer involved in the October 26, 2016, collision made the basis of Plaintiff's Motion and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on October 26, 2016, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant **MARTIE D. RHAMY** ("Rhamy" is the driver of the 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate **#2TL505,** and VIN **#3AKJGLDV7ESFU1897,** and the 2006 Reitnouer trailer, Oklahoma license plate **#1170LF,** and VIN **#1RNF53A276R014394** involved in the incident made the basis of this lawsuit), they will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained,

**EXHIBIT B**

Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

Plaintiff further requests a temporary restraining order and temporary injunction that unless Defendant **DARYL THOMASON TRUCKING, INC.,** its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant **MARTIE D. RHAMY** at the time of the collision on October 26, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, any GPS tracking device on the 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate #2TL505, and VIN #3AKJGLDV7ESFU1897, and the 2006 Reitnouer trailer, Oklahoma license plate #1170LF, and VIN #1RNF53A276R014394 or any downloaded information relating to any GPS tracking device or system on the tractor-trailer, all maintenance records, repair reports and any other document related to repairs or maintenance of the tractor-trailer involved in the incident on October 26, 2016, and any other documents, reports, or memoranda related to this incident, it will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury.

**IT IS THEREFORE, ORDERED** that Defendant, **DARYL THOMASON TRUCKING, INC.,** and Defendant **MARTIE D. RHAMY,** their agents, servants, employees,

2

**EXHIBIT B**

and anyone acting in concert therewith, or anyone having knowledge of this order are hereby

commanded forthwith to desist and refrain from the following:

> Taking any action that might alter, damage or destroy the tractor-trailer involved in the October 26, 2016, collision and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on October 26, 2016, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant **MARTIE D. RHAMY**; and

> Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant **MARTIE D. RHAMY** at the time of the collision on October 26, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the tractor-trailer or any downloaded information relating to any GPS tracking device or system on the tractor-trailer; and

> Taking any action that might alter, damage or destroy any and all operational or trip related documents created or received by Defendant, **DARYL THOMASON TRUCKING, INC.**, and Defendant **MARTIE D. RHAMY**, to include any trip tickets, **MARTIE D. RHAMY'S** daily logs, record of **MARTIE D. RHAMY'S** duty status, **MARTIE D. RHAMY'S** daily condition report, **MARTIE D. RHAMY'S** payment of services, **MARTIE D. RHAMY'S** Qualification File and **MARTIE D. RHAMY'S** Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for Defendant **DARYL THOMASON TRUCKING, INC.**; and

> Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of the tractor-trailer involved in the October 26, 2016, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on October 26, 2016, and any other documents, reports, or memoranda related to this incident.

**IT IS FURTHER ORDERED** that Defendants be cited to appear and show cause and

that upon such hearing a temporary injunction be issued enjoining such Defendants, its agents,

servants, and employees or anyone acting in concert therewith, from:

> Taking any action that might alter, damage or destroy the 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate **#2TL505**, and VIN **#3AKJGLDV7ESFU1897**, and the 2006 Reitnouer trailer, Oklahoma license plate **#1170LF**, and VIN **#1RNF53A276R014394** involved in the October 26, 2016, collision and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on October 26, 2016, and any other

3

# EXHIBIT B

evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant **MARTIE D. RHAMY**; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant **MARTIE D. RHAMY** at the time of the collision on October 26, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the tractor-trailer or any downloaded information relating to any GPS tracking device or system on the tractor-trailer; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate **#2TL505**, and VIN **#3AKJGLDV7ESFU1897**, and the 2006 Reitnouer trailer, Oklahoma license plate **#1170LF**, and VIN **#1RNF53A276R014394** involved in the October 26, 2016, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on October 26, 2016, and any other documents, reports, or memoranda related to this incident.

The clerk shall forthwith on the filing by Plaintiff of the bond hereinafter required and in approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order. This order shall not be effective unless and until Plaintiff executes and files with the clerk a bond in conformity with the law, in the amount of $ _500.00_ .

IT IS **FURTHER ORDERD**, that Plaintiff's Application for Temporary Injunction be heard at _9:00_ o'clock _A_.m., on the _30th_ day of _May_ , 2017, in the _Presiding_ District Court, Bexar County, San Antonio, Texas, Room __109__ .

IT IS **FURTHER ORDERED** that notice be issued to the Defendants commanding them to appear and show cause why the temporary injunctions prayed for in Plaintiff's Original Petition and Application for Temporary Injunction should not be granted.

This Order expires on __May 30, 2017__ .

4

**EXHIBIT B**

**SIGNED AND ENTERED** this the _19_ day of _May_ , 2017 at _2:33_ O'Clock, _p_.m.

Norma Gonzales
Presiding Judge
131st Judicial District
Bexar County, Texas
_____
JUDGE PRESIDING

5

**EXHIBIT B**

FILED
6/13/2017 2:49:55 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

CAUSE NO. 2017CI09222

| | | |
|---|---|---|
| ELENA SUAREZ,<br>　　*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 438TH JUDICIAL DISTRICT |
| DARYL THOMASON TRUCKING, INC.<br>AND MARTIE D. RHAMY,<br>　　*Defendants.* | §<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

## DEFENDANT MARTIE D. RHAMY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, **MARTIE D. RHAMY,** in the above-entitled cause, and files this Original Answer and in support thereof would show the Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's First Amended Original Petition, and demands strict proof thereof as required by the TEXAS RULES OF CIVIL PROCEDURE.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays the Court enter judgment in favor of the Defendant. Defendant further pleads for recovery of all court costs, attorney's fees, and such other and further relief as Defendant may be justly entitled to, at law or in equity.

Respectfully submitted,

**CURNEY, FARMER,
HOUSE & OSUNA, P.C.**
411 Heimer Road
San Antonio, Texas 78232-4854
Telephone: (210) 377-1990
Facsimile: (210) 377-1065

By: _____
     Edward L. Osuna
     State Bar No. 15339460
     Email: eosuna@cfholaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following through the electronic filing manager, by mail, by commercial delivery service, by fax, by email, or by such other manner as directed by the court on the 13th day of June, 2017.

Thomas J. Henry
Travis E. Venable
Thomas J. Henry Injury Attorneys
521 Starr Street
Corpus Christi, Texas  78401
*Counsel for Plaintiff*

_____
Edward L. Osuna

W:\WDOX\CLIENTS\1943\0112\00861334.DOCX

FILED
6/13/2017 2:54:34 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

CAUSE NO. 2017CI09222

| | | |
|---|---|---|
| ELENA SUAREZ,<br>    *Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 438ᵀᴴ JUDICIAL DISTRICT |
| DARYL THOMASON TRUCKING, INC.<br>AND MARTIE D. RHAMY,<br>    *Defendants.* | §<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

## DEFENDANT DARYL THOMASON TRUCKING, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, **DARYL THOMASON TRUCKING, INC.**, in the above-entitled cause, and files this Original Answer and in support thereof would show the Court as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every allegation of Plaintiff's First Amended Original Petition, and demands strict proof thereof as required by the TEXAS RULES OF CIVIL PROCEDURE.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays the Court enter judgment in favor of the Defendant. Defendant further pleads for recovery of all court costs, attorney's fees, and such other and further relief as Defendant may be justly entitled to, at law or in equity.

Respectfully submitted,

**CURNEY, FARMER,**
**HOUSE & OSUNA, P.C.**
411 Heimer Road
San Antonio, Texas 78232-4854
Telephone: (210) 377-1990
Facsimile: (210) 377-1065


By: _____
       Edward L. Osuna
       State Bar No. 15339460
       Email: eosuna@cfholaw.com

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing has been served on the following through the electronic filing manager, by mail, by commercial delivery service, by fax, by email, or by such other manner as directed by the court on the 13th day of June, 2017.

Thomas J. Henry
Travis E. Venable
Thomas J. Henry Injury Attorneys
521 Starr Street
Corpus Christi, Texas 78401
*Counsel for Plaintiff*


_____
Edward L. Osuna

PRIVATE PROCESS

Case Number: 2017-CI-09222

2017CI09222  S00001

**ELENA SUAREZ**
**VS.**
**DARYL THOMASON TRUCKING ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: DARYL THOMASON TRUCKING INC

Bix Wells
Pronto Process
210-226-7192

5/24/17

BY SERVING ITS REGISTERED AGENT, DARYL THOMASON

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION APPLICATION FOR TEMP REST ORDER & INJUNC & REQ FOR DISCLOSURE, a default judgment may be taken against you." Said ORIGINAL PETITION APPLICATION FOR TEMP REST ORDER & INJUNC & REQ FOR DISCLOSURE was filed on the 18th day of May, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF MAY A.D., 2017.

TRAVIS E VENABLE
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRIST, TX 78401-2344



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Norma Gonzalez*, Deputy

---

ELENA SUAREZ
VS
DARYL THOMASON TRUCKING ET AL

**Officer's Return**

Case Number: 2017-CI-09222
Court: 438th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock __M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION APPLICATION FOR TEMP REST ORDER & INJUNC & REQ FOR DISCLOSURE on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock __M. at:_____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

2017CI09222   S00002

Case Number: 2017-CI-09222

**ELENA SUAREZ**

**VS.**

**DARYL THOMASON TRUCKING ET AL**

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

# TEMPORARY RESTRAINING ORDER
With Bond

Bix Wells
Pronto Process
210-226-7192

5/24/17

"THE STATE OF TEXAS"
To: DARYL THOMASON TRUCKING INC

BY SERVING ITS REGISTERED AGENT, DARYL THOMASON

Whereas, in a certain cause pending on the docket of the 438th Judicial District Court of Bexar County, Texas, being cause number 2017-CI-09222, wherein ELENA SUAREZ is Plaintiff and DARYL THOMASON TRUCKING INC is Defendant. In said suit the Plaintiff has filed an Original Petition, asking among other things, for the granting and issuance of a Temporary Restraining Order, to restrain the Defendant, DARYL THOMASON TRUCKING INC as fully set out and prayed for, a copy of which is attached hereto and to which reference is hereby made for the injunctive relief sought by the Plaintiff. Upon presentation and consideration of said petition, the Honorable NORMA GONZALES has entered the following, to-wit: copy of order attached to writ served, and whereas, bond (if required) has been filed and approved;

These are therefore, to RESTRAIN, and you the said Defendant, DARYL THOMASON TRUCKING INC , are hereby RESTRAINED as fully set out in the Temporary Restraining Order, a copy of which is attached hereto, made a part hereof, and to which reference is hereby made for a full and complete statement of the injunctive relief ordered by the Court.

And you are further notified that the hearing on the Application for Temporary Injunction is set at the Bexar County Courthouse in the City of San Antonio, Texas on the 30th day of May, 2017, A.D., at 9:00 o'clock A.M. in room 1.09, Presiding District Court at which time you are required to appear and show cause, if any, why said Injunction should not be granted as prayed for.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS the 23rd Day of May A.D., 2017.

TRAVIS E VENABLE
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRIST, TX 78401-2344





**Donna Kay McKinney**
**Bexar County District Clerk**

By: *Norma Gonzalez*, Deputy

RETURN

CAME TO HAND ON THE _____ DAY OF _____ ,A.D. _____ AT _____ O'CLOCK _____.M. AND EXECUTED (NOT EXECUTED) ON THE _____ DAY OF _____ ,A.D., _____ BY DELIVERING TO _____ IN PERSON, A TRUE COPY OF THIS TEMPORARY RESTRAINING ORDER UPON WHICH I ENDORSED THE DATE OF DELIVERY. CAUSE OF FAILURE TO EXECUTE THIS TEMPORARY RESTRAINING ORDER IS _____.

TOTAL FEES: _____

_____

_____ COUNTY, TEXAS

BY _____

File Copy (Dk022)

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

2017CI09222   S00003

Case Number: 2017-CI-09222

**ELENA SUAREZ**
**VS.**
**DARYL THOMASON TRUCKING ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: MARTIE D RHAMY

Bix Wells
Pronto Process
210-226-7192

5/24/17

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION APPLICATION FOR TEMP REST ORDER & INJUNC & REQ FOR DISCLOSURE, a default judgment may be taken against you." Said ORIGINAL PETITION APPLICATION FOR TEMP REST ORDER & INJUNC & REQ FOR DISCLOSURE was filed on the 18th day of May, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF MAY A.D., 2017.

TRAVIS E VENABLE
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRIST, TX 78401-2344



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Norma Gonzalez*, Deputy

---

ELENA SUAREZ
VS
DARYL THOMASON TRUCKING ET AL

**Officer's Return**

Case Number: 2017-CI-09222
Court: 438th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at _____ o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION APPLICATION FOR TEMP REST ORDER & INJUNC & REQ FOR DISCLOSURE on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS

_____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

2017CI09222   S00003

Case Number: 2017-CI-09222

**ELENA SUAREZ**
**VS.**
**DARYL THOMASON TRUCKING ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

"THE STATE OF TEXAS"

Directed To: MARTIE D RHAMY



**CITATION**



FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2017 JUN -5 PM 3:29
BY_____ DEPUTY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION APPLICATION FOR TEMP REST ORDER & INJUNC & REQ FOR DISCLOSURE, a default judgment may be taken against you." Said ORIGINAL PETITION APPLICATION FOR TEMP REST ORDER & INJUNC & REQ FOR DISCLOSURE was filed on the 18th day of May, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF MAY A.D., 2017.

TRAVIS E VENABLE
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401-2344

**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Norma Gonzalez*, Deputy

---

ELENA SUAREZ
VS
DARYL THOMASON TRUCKING ET AL

**Officer's Return**

Case Number: 2017-CI-09222
Court: 438th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at_____o'clock____M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION APPLICATION FOR TEMP REST ORDER & INJUNC & REQ FOR DISCLOSURE on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at_____ o'clock____M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____ County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

SEE ATTACHED
NOTARIZED AFFIDAVIT

Declarant

RETURN TO COURT (DK002)

**DOCUMENT SCANNED AS FILED**

## RETURN OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of Bexar** | **438th Judicial District Court** |

Case Number: 2017-CI-09222   Court Date: 5/30/2017

Plaintiff:
**Elena Suarez**

vs.

Defendant:
**Daryl Thomason Trucking, et al.,**

Received these papers on the 24th day of May, 2017 at 3:11 pm to be served on **Martie D. Rhamy, 11623 100th street, Coyle, Logan County, OK 73027.**

I, PETE MORGAN PSL#2015-3, do hereby affirm that on the **27th day of May, 2017 at 2:30 pm, I:**

**INDIVIDUALLY/PERSONALLY** delivered by delivering a true copy of the **Citation/Plaintiff's Original Petition, Application for Temporary Restraining Order and Injunction, and Request for Disclosure/Plaintiff's First Request for Admissions to Defendant Martie D. Rhamy/Plaintiff's First Set of Interrogatories to Defendant Daryl THomason Trucking, Inc./ Plaintiff's First Request for Production to Marie D. Rhamy /Temporary Restraining Order with Bond/Temporary Restraining Order and Order Setting Hearing for Temporary Injunction/Bond** with the date of service endorsed thereon by me, to: Martie D. Rhamy at the address of: **11623 100th street, Coyle, Logan County, OK 73027,** and informed said person of the contents therein, in compliance with state statutes.

"MY NAME IS _Pete Morgan_ (FIRST, MIDDLE, LAST) , MY DATE OF BIRTH IS _4/2/41_ , AND MY ADDRESS IS _2410 w. Memorial Okla. Cd, OK_ (STREET, CITY, STATE, ZIP CODE), AND _Okla_ (COUNTY). I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED IN _Logan_ COUNTY, STATE OF _OK_ , ON THE _27_ DAY OF _May_ , _2017_ _Pete Morgan_ DECLARANT."

_Cus PO Morgan_

**PETE MORGAN PSL#2015-3**
Process Server

Our Job Serial Number: BBW-2017003589

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1l

DOCUMENT SCANNED AS FILED

PRIVATE PROCESS

2017CI09222  S00004

Case Number: 2017-CI-09222

**ELENA SUAREZ**
VS.
**DARYL THOMASON TRUCKING ET AL**

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

# TEMPORARY RESTRAINING ORDER
With Bond

Bix Wells
Pronto Process
210-226-7192

5/24/17

"THE STATE OF TEXAS"
To: MARTIE D RHAMY

Whereas, in a certain cause pending on the docket of the 438th Judicial District Court of Bexar County, Texas, being cause number 2017-CI-09222, wherein ELENA SUAREZ is Plaintiff and MARTIE D RHAMY  is Defendant. In said suit the Plaintiff has filed an Original Petition, asking among other things, for the granting and issuance of a Temporary Restraining Order, to restrain the Defendant, MARTIE D RHAMY  as fully set out and prayed for, a copy of which is attached hereto and to which reference is hereby made for the injunctive relief sought by the Plaintiff. Upon presentation and  consideration of said petition, the Honorable NORMA GONZALES has entered the following, to-wit: copy of order attached to writ served, and whereas, bond (if required) has been filed and approved;

These are therefore, to RESTRAIN, and you the said Defendant, MARTIE D RHAMY , are hereby RESTRAINED as fully set out in the Temporary Restraining Order, a copy of which is attached hereto, made a part hereof, and to which reference is hereby made for a full and complete statement of the injunctive relief ordered by the Court.

And you are further notified that the hearing on the Application for Temporary Injunction is set at the Bexar County Courthouse in the City of San Antonio, Texas on the 30th day of May, 2017, A.D., at  9:00 o'clock A.M. in room 1.09, Presiding District Court at which time you are required to appear and show cause, if any, why said Injunction should not be granted as prayed for.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS the 23rd Day of May A.D., 2017.

TRAVIS E VENABLE
ATTORNEY FOR PLAINTIFF
524 STARR ST
CORPUS CHRIST, TX 78401-2344



**Donna Kay McKinney**
**Bexar County District Clerk**

By: *Norma Gonzalez*, Deputy

RETURN

CAME TO HAND ON THE _____ DAY OF _____,A.D., _____ AT _____ O'CLOCK _____.M. AND  EXECUTED (NOT
EXECUTED) ON THE _____ DAY OF _____,A.D., _____ BY DELIVERING TO _____ IN PERSON,
A TRUE COPY OF THIS TEMPORARY RESTRAINING ORDER UPON WHICH I ENDORSED THE DATE OF DELIVERY. CAUSE OF
FAILURE TO EXECUTE THIS TEMPORARY RESTRAINING ORDER IS _____.

TOTAL FEES: _____

_____
_____ COUNTY, TEXAS
BY _____

DOCUMENT SCANNED AS FILED

File Copy (Dk022)

PRIVATE PROCESS



2017CI09222   S00004

Case Number: 2017-CI-09222

ELENA SUAREZ
VS.
DARYL THOMASON TRUCKING ET AL

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS



## TEMPORARY RESTRAINING ORDER
With Bond

"THE STATE OF TEXAS"·
To: MARTIE D RHAMY

Whereas, in a certain cause pending on the docket of the 438th Judicial District Court of Bexar County, Texas, being cause number 2017-CI-09222, wherein ELENA SUAREZ is Plaintiff and MARTIE D RHAMY  is Defendant. In said suit the Plaintiff has filed an Original Petition, asking among other things, for the granting and issuance of a Temporary Restraining Order, to restrain the Defendant, MARTIE D RHAMY  as fully set out and prayed for, a copy of which is attached hereto and to which reference is hereby made for the injunctive relief sought by the Plaintiff. Upon presentation and consideration of said petition, the Honorable NORMA GONZALES has entered the following, to-wit: copy of order attached to writ served, and whereas, bond (if required) has been filed and approved;

These are therefore, to RESTRAIN, and you the said Defendant, MARTIE D RHAMY , are hereby RESTRAINED as fully set out in the Temporary Restraining Order, a copy of which is attached hereto, made a part hereof, and to which reference is hereby made for a full and complete statement of the injunctive relief ordered by the Court.

And you are further notified on the Application for Temporary Injunction is set at the Bexar County Courthouse in the City of San Antonio, Texas on the 30th day of May, 2017, A.D., at  9:00 o'clock A.M. in room 1.09, Presiding District Court at which time you are required to appear and show cause, if any, why said Injunction should not be granted as prayed for.

HEREIN FAIL NOT TO OBEY THIS WRIT, UNDER THE PAINS AND PENALTIES PRESCRIBED BY LAW! ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE, AT SAN ANTONIO, TEXAS the 23rd Day of May A.D., 2017.

TRAVIS E VENABLE
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRIST, TX 78401-2344



**Donna Kay McKinney**
**Bexar County District Clerk**

By: *Norma Gonzalez*, Deputy

### RETURN

CAME TO HAND ON THE _____ DAY OF _____ ,A.D. _____ AT _____ O'CLOCK _____.M. AND EXECUTED (NOT
EXECUTED) ON THE _____ DAY OF _____ ,A.D., _____ BY DELIVERING TO _____ IN PERSON,
A TRUE COPY OF THIS TEMPORARY RESTRAINING ORDER UPON WHICH I ENDORSED THE DATE OF DELIVERY. CAUSE OF
FAILURE TO EXECUTE THIS TEMPORARY RESTRAINING ORDER IS _____ .

TOTAL FEES: _____

SEE ATTACHED
NOTARIZED AFFIDAVIT
BY_____
_____·COUNTY, TEXAS
_____

Return To Court (Dk022)

DOCUMENT SCANNED AS FILED

## RETURN OF SERVICE

**State of Texas**                    **County of Bexar**                    **438th Judicial District Court**

Case Number: 2017-CI-09222   Court Date: 5/30/2017

Plaintiff:
**Elena Suarez**

vs.

Defendant:
**Daryl Thomason Trucking, et al.,**

Received these papers on the 24th day of May, 2017 at 3:11 pm to be served on **Martie D. Rhamy, 11623 100th street, Coyle, Logan County, OK 73027.**

I, PETE MORGAN PSL#2015-3, do hereby affirm that on the **27th day of May, 2017 at 2:30 pm, I:**

**INDIVIDUALLY/PERSONALLY** delivered by delivering a true copy of the **Citation/Plaintiff's Original Petition, Application for Temporary Restraining Order and Injunction, and Request for Disclosure/Plaintiff's First Request for Admissions to Defendant Martie D. Rhamy/Plaintiff's First Set of Interrogatories to Defendant Daryl THomason Trucking, Inc./ Plaintiff's First Request for Production to Marie D. Rhamy /Temporary Restraining Order with Bond/Temporary Restraining Order and Order Setting Hearing for Temporary Injunction/Bond** with the date of service endorsed thereon by me, to: **Martie D. Rhamy** at the address of: **11623 100th street, Coyle, Logan County, OK 73027,** and informed said person of the contents therein, in compliance with state statutes.

"MY NAME IS _Pete Morgan_ (FIRST, MIDDLE, LAST) , MY DATE OF BIRTH IS _4/2/41_ , AND MY ADDRESS IS _2410 W. Memorial Okla. Cit, OK_ (STREET, CITY, STATE, ZIP CODE), AND _Okla._ (COUNTY). I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED IN _Logan_ COUNTY, STATE OF _OK_ , ON THE _27_ DAY OF _May_ , _2017_ . _Pete Morgan_ DECLARANT."

_Pete DD Morgan_

**PETE MORGAN PSL#2015-3**
Process Server

Our Job Serial Number: BBW-2017003589

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.1l

DOCUMENT SCANNED AS FILED



2017CI09222 -D538

**CAUSE NO. 2017-CI-09222**

ELENA SUAREZ,                    §       IN THE DISTRICT COURT
      *Plaintiff,*                §
                                 §
vs.                              §       438ᵗʰ JUDICIAL DISTRICT
                                 §
DARYL THOMASON TRUCKING, INC.,   §
AND MARTIE D. RHAMY,             §
      *Defendants.*              §       BEXAR COUNTY, TEXAS

## TEMPORARY RESTRAINING ORDER AND
## ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

On this day, Plaintiff, **ELENA SUAREZ**, has filed a motion for temporary injunction

and in connection therewith, has presented a motion for a temporary restraining order together

with Plaintiff's Original Petition and Application for injunction and affidavit supporting the

motion presented.  Plaintiff is entitled to a temporary restraining order and temporary injunction

that unless Defendants, their agents, servants, and employees and anyone acting in concert

therewith, are immediately deterred from taking any action that might alter, damage or destroy

the tractor-trailer involved in the October 26, 2016, collision made the basis of Plaintiff's Motion

and its component parts to include electronic control module and any data already downloaded

from the electronic control module involved in the incident on October 26, 2016, and any other

evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports,

etc. of Defendant **MARTIE D. RHAMY** ("Rhamy" is the driver of the 2014 Freightliner

Cascadia   125   tractor-trailer,   Oklahoma   license   plate   **#2TL505**,   and   VIN

**#3AKJGLDV7ESFU1897**, and the 2006 Reitnouer trailer, Oklahoma license plate **#1170LF**,

and VIN **#1RNF53A276R014394** involved in the incident made the basis of this lawsuit), they

will commit said acts before notice of the hearing on the Motion for a temporary injunction can

be served and hearing had; that if the commission of said acts are not immediately restrained,





**DOCUMENT SCANNED AS FILED**

Plaintiff will suffer irreparable injury, to wit: Defendants' repair, removal, destruction, disposal, inspection or testing of the evidence involved herein may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure.

Plaintiff further requests a temporary restraining order and temporary injunction that unless Defendant **DARYL THOMASON TRUCKING, INC.**, its agents, servants, and employees or anyone acting in concert therewith, are immediately deterred from taking any action that might alter, damage or destroy any cellular phone or other hand-held device in the possession of Defendant **MARTIE D. RHAMY** at the time of the collision on October 26, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or hand-held device, any GPS tracking device on the 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate **#2TL505**, and VIN **#3AKJGLDV7ESFU1897**, and the 2006 Reitnouer trailer, Oklahoma license plate **#1170LF**, and VIN **#1RNF53A276R014394** or any downloaded information relating to any GPS tracking device or system on the tractor-trailer, all maintenance records, repair reports and any other document related to repairs or maintenance of the tractor-trailer involved in the incident on October 26, 2016, and any other documents, reports, or memoranda related to this incident, it will commit said acts before notice of the hearing on the Motion for a temporary injunction can be served and hearing had; that if the commission of said acts are not immediately restrained, Plaintiff will suffer irreparable injury.

**IT IS THEREFORE, ORDERED** that Defendant, **DARYL THOMASON TRUCKING, INC.**, and Defendant **MARTIE D. RHAMY**, their agents, servants, employees,

05/19/2017 VOL 4743 PG 2146

2

DOCUMENT SCANNED AS FILED

and anyone acting in concert therewith, or anyone having knowledge of this order are hereby

commanded forthwith to desist and refrain from the following:

Taking any action that might alter, damage or destroy the tractor-trailer involved in the October 26, 2016, collision and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on October 26, 2016, and any other evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant **MARTIE D. RHAMY**; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant **MARTIE D. RHAMY** at the time of the collision on October 26, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the tractor-trailer or any downloaded information relating to any GPS tracking device or system on the tractor-trailer; and

Taking any action that might alter, damage or destroy any and all operational or trip related documents created or received by Defendant, **DARYL THOMASON TRUCKING, INC.**, and Defendant **MARTIE D. RHAMY**, to include any trip tickets, **MARTIE D. RHAMY'S** daily logs, record of **MARTIE D. RHAMY'S** duty status, **MARTIE D. RHAMY'S** daily condition report, **MARTIE D. RHAMY'S** payment of services, **MARTIE D. RHAMY'S** Qualification File and **MARTIE D. RHAMY'S** Personnel File as required by TX DOT and Federal Motor Carrier Safety Regulations for Defendant **DARYL THOMASON TRUCKING, INC.**; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of the tractor-trailer involved in the October 26, 2016, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on October 26, 2016, and any other documents, reports, or memoranda related to this incident.

**IT IS FURTHER ORDERED** that Defendants be cited to appear and show cause and

that upon such hearing a temporary injunction be issued enjoining such Defendants, its agents,

servants, and employees or anyone acting in concert therewith, from:

Taking any action that might alter, damage or destroy the 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate #2TL505, and VIN #3AKJGLDV7ESFU1897, and the 2006 Reitnouer trailer, Oklahoma license plate #1170LF, and VIN #1RNF53A276R014394 involved in the October 26, 2016, collision and its component parts to include electronic control module and any data already downloaded from the electronic control module involved in the incident on October 26, 2016, and any other

05/19/2017 VOL: 4743 PG: 2147

3

evidence to include, but not limited to, blood, urine, blood and urinanalysis tests, results, reports, etc. of Defendant **MARTIE D. RHAMY**; and

Taking any action that might alter, damage or destroy any and all cellular phone or other hand-held device in the possession of Defendant **MARTIE D. RHAMY** at the time of the collision on October 26, 2016, including any GPS tracking device on that cellular phone or other hand-held device or any downloaded information relating to any GPS tracking device or system on that cellular phone or other hand-held device, any GPS tracking device on the tractor-trailer or any downloaded information relating to any GPS tracking device or system on the tractor-trailer; and

Taking any action that might alter, damage or destroy any maintenance records, repair reports and any other document related to repairs or maintenance of 2014 Freightliner Cascadia 125 tractor-trailer, Oklahoma license plate **#2TL505**, and VIN **#3AKJGLDV7ESFU1897**, and the 2006 Reitnouer trailer, Oklahoma license plate **#1170LF**, and VIN **#1RNF53A276R014394** involved in the October 26, 2016, collision, and any other documents, reports, or memoranda related to this incident or involved in the incident on October 26, 2016, and any other documents, reports, or memoranda related to this incident.

The clerk shall forthwith on the filing by Plaintiff of the bond hereinafter required and in approving the same according to the law, issue a temporary restraining order in conformity with the law and the terms of this order. This order shall not be effective unless and until Plaintiff executes and files with the clerk a bond in conformity with the law, in the amount of $ 500.00

**IT IS FURTHER ORDERD**, that Plaintiff's Application for Temporary Injunction be heard at 9:00 o'clock A.m., on the 30ʰ day of May , 2017, in the Presiding District Court, Bexar County, San Antonio, Texas, Room 109 .

**IT IS FURTHER ORDERED** that notice be issued to the Defendants commanding them to appear and show cause why the temporary injunctions prayed for in Plaintiff's Original Petition and Application for Temporary Injunction should not be granted.

This Order expires on May 30, 2017

05/18/2017 VOL 4743 PG 2148

4

**SIGNED AND ENTERED** this the ___19___ day of ___May___ , 2017 at __2:33__ O'Clock, __P__.m.

_____
JUDGE PRESIDING

05/19/2017 VOL 4743 PG 2149

5

CAUSE NO. 2017-CI-09222

| | | |
|---|---|---|
| **ELENA SUAREZ,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **438th JUDICIAL DISTRICT** |
| | § | |
| **DARYL THOMASON TRUCKING, INC.,** | § | |
| **AND MARTIE D. RHAMY,** | § | |
| *Defendants.* | § | **BEXAR COUNTY, TEXAS** |

## ORDER EXTENDING APPLICANT'S TEMPORARY RESTRAINING ORDER

On this the 30th day of May, 2017, *Plaintiff's Motion to Extend Temporary Restraining Order* was considered by the Court. After considering the evidence and hearing the arguments of counsel, the Court ordered that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that the *Plaintiff's Motion to Extend Temporary Restraining Order* is GRANTED.

IT IS FURTHER ORDERED that the hearing for Plaintiff's application for Temporary Injunction shall occur on the 13 day of June 2017.

SIGNED AND ENTERED on this the 30th day of May 2017.



Presiding Judge

